# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MIKUS LERON PEOPLES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:12-CV-00810-VEH |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **ACTING COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION**[1]

Plaintiff Mikus Leron Peoples ("Mr. Peoples") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. He seeks a review of a final adverse decision of the Commissioner of the Social Security Administration

---

[1] The court recently became aware that Carolyn W. Colvin was named the Acting Commissioner of the Social Security Administration on February 14, 2013. *See* http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.") (last accessed on Mar. 13, 2013). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

(hereinafter "Commissioner or "Secretary"), which denied his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[2] Mr. Peoples timely pursued and exhausted his administrative remedies available before the Commissioner. This case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[3]

## FACTUAL AND PROCEDURAL HISTORY

Mr. Peoples was a 41-year-old male at the time of his hearing before the administrative law judge ("ALJ"). (Tr. 21.) He has a limited education and is able to speak English. (Tr. 21, 192.) His past work experiences include employment as a poultry hanger, labeling machine tender, appliance assembler, rendering equipment tender, packer, grinder operator, and parts inspector. (Tr. 20.)

Mr. Peoples claims he became disabled on January 16, 2009, due to his back pain. (Tr. 187.) He last worked in January 2009. (Tr. 15.)

Mr. Peoples filed his application for a period of disability and Disability Insurance Benefits on January 23, 2009. (Tr. 13, 128–29.) He filed his application

---

[2] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statute or regulations found in quoted court decisions.

[3] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

for SSI on January 23, 2009 as well. (Tr. 13, 120–27.) The claim was denied by the Commissioner on April 8, 2009. (Tr. 13, 90–93.)  Mr. Peoples filed a timely written request for a hearing on May 4, 2009. (Tr. 13, 61–62.)  The hearing was held on February 7, 2011. (Tr. 13.)  The ALJ concluded that Mr. Peoples was not disabled and denied his application on March 4, 2011. (Tr. 22.) On March 24, 2011, Mr. Peoples filed a request for review of the hearing decision to the Appeals Council. (Tr. 119.) The Appeals Council denied Mr. Peoples' request for review on January 12, 2012. (Tr. 1–6.)

Mr. Peoples filed a Complaint on March 13, 2012, which asks this court to review the ALJ's decision. (Doc. 1.)  This court has carefully considered the record and, for the reasons that follow, will **AFFIRM** the decision of the ALJ.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed.  The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  This court will

determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than twelve (12) months." 20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4) whether the claimant can perform his past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, [he] will automatically be found disabled if [he] suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform [his] work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d

5

at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id*.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Mr. Peoples meets the insured status requirements of the Social Security Act for a period of disability and Disability Insurance Benefits through December 31, 2013. (Tr. 15.) He further determined that Mr. Peoples had not engaged in substantial gainful activity since January 16, 2009, the alleged onset date. (Tr. 15.) The ALJ found that, in combination, Mr. Peoples's lumbar stenosis and degenerative joint disease of the spine accompanied by chronic low back pain are considered severe based on the requirements in Regulations 20 C.F.R. § 404.1520(c) and § 416.920(c) (Tr. 15–17.) However, he found that Mr. Peoples's impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404. 1525, 404.1526) (Tr. 17.)

The ALJ then determined that Mr. Peoples retains a residual functioning capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). Specifically, he found that—

> [Mr. Peoples] can life or carry 35 pounds occasionally and 20 pounds frequently. . . . . [He] can stand or walk for 6 hours of an 8-hour workday

and sit for 2-4 hours of an 8-hour workday. . . . "[H]e can frequently push or pullwith his upper extremities bilaterally, and operate foot controls with his lower extremities bilaterally only occasionally. . . . [He] can never climb ladders, ropes and scaffolds, and should limit climbing stairs or ramps to ½ of the work period (4 out of 8 hours). . . . [He] can frequently balance, can occasionally stoop, kneel, and/or crawl and can never crouch. . . . [Mr. Peoples] should avoid even moderate exposure to extreme cold, and should avoid even moderate exposure to excessive vibrations. . . . [He] should avoid even moderate exposure to hazards (e.g., use of moving machinery and exposure to unprotected heights). [He] should be limited to occupations which do not involve exposure to direct sunlight (which does not include exposure involved in going back and forth to work) and bright flashing lights (which does not include neon lighting). . . . [Mr. Peoples's] work is to be limited to simple, routine, repetitive tasks.

(Tr. 17–18.)

Relying on the testimony of a vocational expert, the ALJ found that Mr. Peoples is capable of performing his past relevant work as a labeling machine tender. (Tr. 20.) Although not required to do so, the ALJ proceeding to Step Five and made the alternative finding that, based on Mr. Peoples's age, education, and work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 21–22.)

Accordingly, the ALJ found that Mr. Peoples was not under a disability at any time through the date of the ALJ's decision and, therefore, is not eligible for SSI or DIB. (Tr. 22.)

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4] On appeal, Mr. Peoples raises two issues: (1) whether the ALJ properly applied the Eleventh Circuit pain standard, and (2) whether the ALJ erred in determining Mr. Peoples's RFC. (Doc. 8 at 9.) After reviewing the record and the parties' briefs, the court finds that the ALJ properly applied the pain standard and that the ALJ's RFC assessment is supported by substantial evidence. Thus, the ALJ's decision is due to be **AFFIRMED**.

**I.   THE ALJ PROPERLY APPLIED THE ELEVENTH CIRCUIT PAIN STANDARD.**

Mr. Peoples argues that he meets the Eleventh Circuit's pain standard and that the ALJ's contrary decision is not supported by substantial evidence. Specifically, Mr. Peoples asserts that the ALJ improperly discredited his subjective testimony about his symptoms. The court disagrees.

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

To establish disability through "testimony concerning pain or other subjective symptoms," a claimant must meet the Eleventh Circuit's pain standard. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). This standard requires evidence of an underlying medical conditions and either (1) objective medical evidence confirming the severity of the alleged pain or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to case the alleged pain. *See Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). A claimant's statements about pain or other symptoms do not alone establish disability. *See* 20 C.F.R. §§ 401.1529(a), 416.929(a). Instead, medical signs and laboratory findings must depict medical impairments that could reasonably be expected to produce the claimant's alleged symptoms. *See id.*; *see also Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.3d 1551 (11th Cir. 1986)).

Applying this standard to the present case, the ALJ found that medical signs and laboratory findings depict medical impairments that could reasonably be expected to produce the alleged symptoms. (Tr. 18.) However, the ALJ determined that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." (Tr. 18.) As discussed below, this finding is supported by substantial evidence.

An ALJ may reject a plaintiff's complaints of pain if he finds they are not credible. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). A negative credibility finding must be supported by substantial evidence. *Id.* (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)). The ALJ may not reject the claimant's statements as to his pain's intensity and persistence "solely because the available objective medical evidence does not substantiate [a claimant's] statements." 20 C.F.R. § 404.1529(c)(2); *see also* SSR 96-7p.[5] Instead, the ALJ is bound to consider other evidence, in addition to the objective medical evidence, because "symptoms sometimes suggest a greater severity of impairment that can be shown by objective medical evidence alone." 20 C.F.R. § 404.1529(c)(3). This "other evidence" includes statements made by the claimant in testimony during administrative hearings concerning the claimant's restrictions, daily activities, frequency and intensity of symptoms, any precipitating and aggravating factors, medication taken and any resulting side effects, and any other measures taken to alleviate the symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.912(b)(3). Using these "other evidence" factors, the ALJ must show substantial evidence supporting his decision to discredit a claimant's pain testimony. *Id.*

---

[5] Although they lack the force of regulation, Social Security Rulings are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1); *see, e.g.*, *McCloud v. Barnhart*, 166 Fed. App'x 410, 419 (11th Cir. 2006) (citing SSR 96-6p as authoritative).

The ALJ thoroughly reviewed Mr. Peoples's medical records, the testimony at his hearing, and the other evidence presented.  The ALJ then stated adequate reasons for discrediting Mr. Peoples's allegations of disabling pain. Specifically, the ALJ noted several inconsistencies between Mr. Peoples's testimony at the hearing and other evidence in the record. (*See, e.g.*, Tr. 19, 72–73, 329.) For example, the ALJ pointed out that Mr. Peoples told Dr. Vijay Jampala, a consultive examining physician, that he does not smoke or drink. (Tr. 19, 302.) However, hospital records show that Mr. Peoples has a history of both smoking and alcohol use. (Tr. 250, 263, 329.) In fact, on March 30, 2006, Mr. Peoples reported to a nurse at Decator Ambulatory Surgery Center that he has smoked a pack every three days for eight years.  (Tr. 249–50.) Later, on March 5, 2009, Mr. Peoples reported that he smokes half a pack a day and drinks three alcoholic drinks per week. (Tr. 263.) On July 30, 2009, Mr. Peoples reported that he drinks alcohol and smokes half of a pack a day. (Tr. 329.)

The ALJ also noted that Mr. Peoples complains that "he is unable to do much of anything and he cannot walk far, sit for long or lie on his back."  (Tr. 19.) Yet, Mr. Peoples's medical records consistently reflect "no decreased range of motion, no tenderness, no swelling, . . . no acute distress, no obvious discomfort, normal gait, [no loss of strength], and [that Mr. Peoples] can perform all activities of daily living without assistance."  (Tr. 19.)

And, the ALJ noted that Mr. Peoples's descriptions of his pain have been inconsistent and his treatment "sporadic at best." (Tr. 20.) The record reflects that Mr. Peoples has, at times, sought prescription medication for his back pain. (See Tr. 17.) However, at his hearing, Mr. Peoples testified that he is using only "BC Powders" for his pain. Thus, the ALJ surmised that Mr. Peoples only consistent treatment has been over-the-counter pain medications. (Tr. 20.) The ALJ further found that Mr. Peoples "is not seeking treatment with a primary physician or a specialist. [Mr. Peoples] is not on any prescription medications and [Mr. Peoples] is not pursuing any aggressive measures to relieve his pain." (Tr. 19–20.) From this evidence, the ALJ could infer that Mr. Peoples can control his pain with over-the-counter medication.

Given the inconsistencies in the record, the ALJ's negative credibility finding is supported by substantial evidence. Therefore, the ALJ's decision on this issue is due to be **AFFIRMED**. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.").

## II. THE ALJ'S RFC DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE.

Mr. Peoples contends the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Mr. Peoples points out that the record lacks a

medical source opinion from a physician assessing Mr. Peoples's functional limitations. (Doc. 8 at 5–7.)  However, the lack of a medical source opinion does not automatically undermine an ALJ's RFC assessment.  As explained below, the ALJ's RFC assessment in this case is supported by substantial evidence.

A claimant's RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545).  In assessing a claimant's physical ability to work, the ALJ considers his ability to sit, stand, walk, lift, carry, push, pull, and perform other physical functions.  *See* 20 C.F.R. § 404.1545(b).  The ALJ must base his assessment on "all of the relevant medical and other evidence."  20 C.F.R. § 404.1545(a)(3).  The Regulations require the ALJ to "consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations."  Additionally, the ALJ must "consider descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons."  *Id.*

The ALJ makes the ultimate decision on what a claimant can and cannot do. *See* 20 C.F.R. § 404.1546(c).  However, the ALJ is not a medical expert and is not qualified to interpret raw medical data.  *See Manso-Pizarro v. Sec'y of Health &*

*Human Serv.*, 76 F.3d 15, 17 (1st Cir. 1996); *Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D.Mass 1998). "[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment." *See Manso-Pizarro*, 76 F.3d at 17. Conversely, when the extent of a claimant's functional loss would not be apparent to a lay person, the ALJ cannot play doctor and guess at the claimant's ability to work. *See id.*

There is no bright line rule about when the ALJ must request a medical source opinion from a physician. In some cases, a treating physician's opinion is necessary. *See, e.g.*, *Coleman v. Barnhart*, 264 F. Supp. 2d 1007, 1010 (S.D. Ala. 2003). In others, it is not. *See, e.g.*, *Green v. Social Security Admin.*, 223 F. App'x. 915, 923 (11th Cir. 2007) (affirming ALJ's RFC assessment as supported by substantial evidence even though the ALJ discredited the only medical source opinion in the record). The ultimate question in each case remains whether substantial evidence supports the ALJ's RFC assessment.

Here, substantial evidence supports the ALJ's RFC assessment despite the absence of a medical source opinion. "[A] claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Here, Mr. Peoples's evidence of disability depends largely on his subjective

allegations of pain.  As discussed above, the ALJ properly discredited Mr. Peoples's subjective allegations.   After discrediting Mr. Peoples's subjective allegations, the ALJ assessed Mr. Peoples's functional limitations based on the remaining evidence in the record—including Mr. Peoples's testimony and his past relevant work.  For example, Mr. Peoples testified that his past jobs required him to lift around thirty-five (35) pounds.  (Tr. 77.)  This testimony supports the ALJ's finding that Mr. Peoples can lift thirty-five (35) pounds.  Additionally, the vocational expert testified that Mr. Peoples's past relevant work as a labeling machine teller involved sitting two (2) to four (4) hours in a workday. (Tr. 85.)  This testimony supports the conclusion that Mr. Peoples can sit for two (2) to four (4)  hours in an eight (8) hour workday. Thus, the ALJ's RFC assessment is supported by substantial evidence.  At the very least, Mr. Peoples has not identified a reversible error.

  Mr. Peoples also contends that ALJ's RFC assessment is confusing.  (Doc. 8 at 7.)  The ALJ said that Mr. Peoples could perform light work, which involves lifting no more than twenty (20) pounds at any one time.  *See* 20 C.F.R. § 404.1567. Yet, the ALJ found that Mr. Peoples can lift up to thirty-five (35) pounds.  (Tr. 17.) Additionally, while sitting is not necessarily a component of light work, a finding of light work generally means a claimant can also do sedentary work. *See, e.g.*, 20 C.F.R. § 404.1567(b). Sedentary work requires sitting

for six (6) hours a day. *See* SSR 83-10. Yet, the ALJ limited Mr. Peoples to sitting for only two (2) to four (4) hours in an eight (8) hour workday. (Tr. 17.)

Any confusion over the ALJ's RFC assessment is easily resolved by recognizing that the assessment is the most Mr. Peoples can still do despite his impairments. *See Lewis*, 125 F.3d at 1440. The ALJ is not required to fit Mr. Peoples into one of the exertional categories defined by the regulations, but instead, must assess his ability to work on a function-to-function basis. Because Mr. Peoples does not fit squarely into one of the four exertional categories, the ALJ must rely on the testimony of a vocational expert in determining whether there is work that Mr. Peoples can still do. *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004); SSR 83–12 ("Where the extent of the occupational base is not clear, the adjudicator will need to consult a vocational resource."). That is exactly what happened here.

For these reasons, the ALJ's RFC assessment is due to be **AFFIRMED**.

## CONCLUSION

The Commissioner's decision applied the proper legal standards and is supported by substantial evidence. Accordingly, the decision of the Commissioner is due to be **AFFIRMED**. A separate final judgment will be entered.

**DONE** and **ORDERED** this 9th day of May, 2013.

                                                        **VIRGINIA EMERSON HOPKINS**
                                                        United States District Judge